MATHEW HIGBEE
Nevada Bar No. 11158
HIGBEE & ASSOCIATES
3110 West Cheyenne Ave, Suite 200
North Las Vegas, NV 89032
P: 714-600-8085
F: 866-534-7049
E: Mhigbee@higbeeassociates.com

Attorney for Plaintiff, Natalie Davidson

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**RENO DIVISION**

| | |
|---|---|
| NATALIE DAVIDSON,<br><br>            Plaintiff,<br><br>v.<br><br>MERRICK BANK and EQUIFAX INFORMATION SERVICES, LLC,<br><br>            Defendants. | Case No. 2:21-cv-179<br><br>PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff, NATALIE DAVIDSON ("Plaintiff"), by and through her attorneys, and for her Complaint against Defendants, MERRICK BANK ("MERRICK") and EQUIFAX INFORMATION , LLC ("EQUIFAX"), (collectively referred to as "Defendants"), hereby alleges as follows:

**Nature of the Action**

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

**Jurisdiction and Venue**

2. This Court has jurisdiction under the 15 U.S.C. § 1681p of the FCRA and pursuant to 28 U.S.C. §§ 1331 and 1337.

1

3. Venue and personal jurisdiction is proper in this District because Defendants transact business within this District and a material portion of the events or omissions giving rise to this claim occurred within this District.

**Parties**

4. Plaintiff is a natural person at all relevant times residing in Sparks, Nevada sitting in Washoe County.

5. At all relevant times, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

6. MERRICK is a financial services company located in South Jordan, Utah and conducts business in the State of Nevada.

7. MERRICK is a "person" at all relevant times as that term is defined by 15 U.S.C. § 1681a(b).

8. MERRICK is a "furnisher" of credit information as that term is described in 15 U.S.C. § 1681s-2 *et seq*.

9. EQUIFAX is business entity with its headquarters located in Atlanta, Georgia and conducts business in the State of Nevada.

10. EQUIFAX is a "person" as that term is defined by 15 U.S.C. § 1681a(b).

11. EQUIFAX is a "consumer reporting agency" ("CRA") as that term is described by 15 U.S.C. § 1681a(f).

12. At all relevant times, Defendants acted through their agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

13. At all relevant times, credit reports as alleged in this pleading are "consumer

reports" as that term is defined by 15 U.S.C. § 1681a(d).

**Factual Allegations**

14. EQUIFAX has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit information (hereinafter referred to as "inaccurate information").

15. The inaccurate information of which Plaintiff complains concerns a MERRICK account/tradeline with an account number ending in 5906 (hereinafter referred to as the "Account").

16. On or about January 7, 2020, Plaintiff and MERRICK agreed to settle the Account for less than the full balance, to be paid in a lump-sum.

17. Plaintiff satisfied the terms of the aforementioned agreement on or about January 27, 2020 by timely making the agreed to payment, thereby extinguishing any obligation regarding the Account.

18. Despite the foregoing, EQUIFAX continued to report inaccurate information concerning the Account and, upon information and belief, disseminated credit reports containing said inaccuracies.

19. On or about June 9, 2020, Plaintiff disputed the inaccurate information being reported regarding the Account.

20. Plaintiff's written dispute, which included a copy of the written settlement agreement, explained that the Account had been settled and paid, and that the credit report failed to accurately reflect the true nature of the Account, specifically the Account status.

21. Upon information and belief, pursuant to its responsibility in 15 U.S.C. § 1681i, within five (5) days of Plaintiff disputing the inaccurate information, EQUIFAX notified MERRICK of Plaintiff's dispute.

22. Upon information and belief, EQUIFAX received the results of MERRICK's investigation regarding Plaintiff's dispute.

23. Upon information and belief, EQUIFAX updated the reporting of the Account solely based on the information it received from MERRICK in response to Plaintiff's dispute.

24. Notwithstanding Plaintiff's efforts, as of September 17, 2020, EQUIFAX continued to publish and disseminate inaccurate information concerning the Account.

25. Specifically, EQUIFAX continued to report the Account status as "CHARGE_OFF".

26. The inaccurate information concerning the Account as reported on the credit report negatively reflects upon Plaintiff, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

27. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly, and negligently repeatedly failed to perform responsible reinvestigations of the aforementioned dispute as required by the FCRA. They have additionally failed to remove the inaccurate information and have continued to report the derogatory and inaccurate information about Plaintiff with respect to the Account.

28. If Defendants would have complied with their statutory duties, the inaccurate information regarding the Account would not have been reported.

29. As a result of Defendants' conduct, Plaintiff has suffered actual damages as inaccurate information being reported on Plaintiff's credit report have impeded Plaintiff's ability

to obtain credit or favorable terms in financing an interest, caused Plaintiff to incur out of pocket expenses associated with disputing the inaccurate information only to find the inaccurate information remains on the credit report, emotional distress and mental anguish associated with having incorrect derogatory personal information reported on the credit report, and a decreased credit score, which may result in the inability to obtain credit or favorable terms on future attempts.

## COUNT I– EQUIFAX

### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

30. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-29.

31. Pursuant to 15 U.SC. §§ 1681n and 1681o, EQUIFAX is liable to Plaintiff for engaging in the following conduct in violation of 15 U.S.C. § 1681e(b):

   a. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file.

32. This conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages, and harm to Plaintiff outlined herein. As a result, EQUIFAX is liable to Plaintiff for the full amount of statutory, actual and punitive damages, attorneys' fees and costs of litigation, and such relief as may be permitted by law.

## COUNT II – EQUIFAX

### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

33. Plaintiff repeats and incorporates by reference into this cause of action the

allegations set forth above at Paragraphs 1-29.

34. Pursuant to 15 U.S.C. §§ 1681n and 1681o, EQUIFAX is liable to Plaintiff for engaging in the following conduct in violation of 15 U.S.C. § 1681i:

    a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. § 1681i(a);

    b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. § 1681i(a);

    c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681(a); and

    d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a).

35. This conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages, and harm to Plaintiff outlined herein. As a result, EQUIFAX is liable to Plaintiff for the full amount of statutory, actual and punitive damages, attorneys' fees and costs of litigation, and such relief as may be permitted by law.

### COUNT III– MERRICK

### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681s-2(b)

36. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-29.

37. Pursuant to 15 U.S.C. §§ 1681n and 1681o, MERRICK is liable to Plaintiff for engaging in the following conduct in violation of 15 U.S.C. § 1681s-2(b):

   a. Willfully or negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b. Willfully or negligently failing to review all relevant information provided to it by EQUIFAX concerning Plaintiff's dispute of the Account;

   c. Willfully or negligently failing to report the inaccurate status of the inaccurate information to all consumer reporting agencies;

   d. Willfully or negligently failing to properly participate, investigate and comply with the reinvestigations that were conduct by any and all consumer reporting agencies concerning the inaccurate information disputed by Plaintiff;

   e. Willfully or negligently continuing to furnish and disseminate inaccurate and derogatory credit account and other information concerning Plaintiff, or the Account, to consumer reporting agencies, or other entities, despite knowing that said information was inaccurate;

   f. Willfully or negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial pursuant to 15 U.S.C. § 1681n(a);

b) Statutory damages of $1,000 pursuant to 15 U.S.C. § 1681n(a);

c) Punitive damages and equitable relief including, but not limited to, enjoining Defendants from further FCRA violations, pursuant to 15 U.S.C. § 1681n(a);

d) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

e) Any further legal and equitable relief as this honorable Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: February 2, 2021

Respectfully submitted,

/s/ Mathew Higbee
MATHEW HIGBEE
Nevada Bar No. 11158
HIGBEE & ASSOCIATES
3110 West Cheyenne Ave, Suite 200
North Las Vegas, NV 89032
P: 714-600-8085
F: 866-534-7049
E: Mhigbee@higbeeassociates.com

Attorney for Plaintiff, Natalie Davidson